IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IMELDA LUCERO BAEZA,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | EP-18-CV-301-DB |
| | § | |
| VERIZON WIRELESS TEXAS, LLC,<br>d/b/a VERIZON WIRELESS,<br>　　Defendant. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Verizon Wireless Texas, LLC, d/b/a Verizon Wireless's ("Verizon") "Motion for Summary Judgment" ("Verizon's Motion") filed in the above-captioned case on January 23, 2020. ECF No. 18. Also, on January 23, 2020, Plaintiff Imelda Lucero Baeza ("Ms. Baeza") filed her "Motion for Partial[1] Summary Judgment and Memorandum in Support" ("Ms. Baeza's Motion"). ECF No. 19. On February 6, 2020, Verizon filed its "Response in Opposition to Plaintiff's Motion for Summary Judgment" ("Verizon's Response"). ECF No. 20. On the same day, Ms. Baeza filed her "Response to Defendant Verizon Wireless Texas, LLC's Motion for Summary Judgment" ("Ms. Baeza's Response"). ECF No. 21. On February 18, 2020, Verizon filed its Reply. ECF No. 25. On February 21, 2020, Ms. Baeza filed her Reply. ECF No. 27. After due consideration, the Court is of the opinion that Verizon's Motion shall be granted in part and denied in part, and Ms. Baeza's Motion shall be granted in part and denied in part.

---

1 Ms. Baeza uses "Partial" in the title for her Motion; however, it is unclear which claims she is moving for summary judgment on and which claims she is not because she includes arguments for summary judgment on both her interference and retaliation claims. *See* Ms. Baeza's Mot. 4, 13, ECF No. 19. The Court will consider all arguments and treat it as a motion for summary judgment on all claims.

## BACKGROUND

This case is about an employee, Ms. Baeza, who was terminated by her employer, Verizon. Verizon's Mot.[2] 2, ECF No. 18. According to Verizon's policy, Ms. Baeza was eligible to be terminated once she accrued 60 hours of unexcused absences. *See* Verizon's Mot. 4, ECF No. 18; Ms. Baeza's Mot. 6, ECF No. 19. On August 14, 2017, Verizon gives Ms. Baeza a "Final Warning" for 58 hours of unexcused absences. Ms. Baeza's Mot. 6, ECF No. 19 (citing "Managing Your Time Memo," at Ex. B, ECF No. 19-3). Ms. Baeza claims that these absences are due to her FMLA-protected health condition. *Id.* (citing Ms. Beaza Dep.[3] 87:25-88:5; 89:17-22; 90:5-8, at Ex. 2, ECF No. 18[4]-1).

On or about August 17, 2017, Verizon approves Ms. Baeza for "intermittent FMLA leave" ("IFML") for three days per month through July 25, 2018, but only after using 50% of her vacation time. *Id.* (citing Ms. Beaza Dep. 53:3-17; 53:18-25; 54:3-11; 90:17-18; 101:24-102:14, at Ex. 2, ECF No. 18-1). Verizon based its approval of Ms. Baeza's IFML on the written recommendation of Ms. Baeza's healthcare provider, who stated that her condition necessitated three days off per month. *See id.* at 7 (citing "Certification of Health Care Provider for Employee's Serious Health Condition" 3, at Ex. E, ECF No. 19-6).

On October 25, 2017, Verizon receives notice that Ms. Baeza wishes to take FMLA-protected leave, so her Supervisor, Emmanuel Flores ("Mr. Flores"), instructs Ms. Baeza to code this absence as "unpaid FML" because she had already used 50% of her vacation. Ms.

---

2 Unless otherwise noted, where page numbers on documents differ from the page numbers assigned by the Electronic Case Filing system ("ECF numbers"), the Court refers to the ECF numbers.
3 These page numbers correspond to the transcript page numbers in the upper right corner of the document, rather than the "Appendix" page numbers that in the bottom right corner.
4 When citing Ms. Baeza's deposition transcript, the Court refers to Verizon's exhibit, ECF No. 18-1, as opposed to Ms. Baeza's exhibit, ECF No. 19-2, because the page numbers in the latter are covered with superimposed text, making it difficult to pinpoint cites. However, the contents of these exhibits are identical.

Baeza's Mot. 8, ECF No. 19 (citing Ms. Baeza Dep., 97:11-22, 98:16-24; 102:20-103:10, at Ex. 2, ECF No. 18-1). On October 31, 2017, Ms. Baeza takes a vacation day that she claims was previously approved, but that Verizon marks as "PTO exhaustion" on her attendance worksheet, thus accruing eight additional hours of unapproved absences. Ms. Baeza's Mot. 8, ECF No. 19 (citing Ms. Baeza Dep. 97:11-25; 98:5-13, at Ex. 2, ECF No. 18-1); "Attendance Worksheet" 3, at Ex. C, ECF No. 19-4). Mr. Flores explains to Ms. Baeza that Verizon chose to apply her last eight vacation hours to her FMLA-protected absence on October 25, 2017, rather than toward this allegedly pre-approved vacation day, thereby rendering this October 31 absence unapproved. *Id.* (citing Ms. Baeza Dep. 104:11-14; 105:2-24, at Ex. 2, ECF No. 18-1).

From November 1 to November 7, 2017, Ms. Baeza misses work and notifies Mr. Flores that this is due to her FMLA-protected health condition. *Id.* (citing Ms. Baeza Dep. 139:12-140:25; 104:19-105:1, at Ex. 2, ECF No. 18-1). On or about November 28, 2017, Verizon denies Ms. Baeza FMLA-protected leave for her November 2017 absences. "Attendance Worksheet" 3–4, at Ex. C, ECF No. 19-4.

Additionally, on December 5, 2017, Mr. Flores receives a request from Ms. Baeza to take FMLA-protected leave. "Text messages" 1, at Ex. D, ECF No. 19-5; Ms. Baeza Dep. 124:3-22; 127:15-20, at Ex. 2, ECF No. 18-1. However, according to Ms. Baeza, Verizon denies her FMLA-protected leave for that day when Mr. Flores instructs Ms. Baeza to return to work. Ms. Baeza Dep. 125:21-126:2, at Ex. 2, ECF No. 18-1. Finally, on December 7, 2017, Verizon terminates Ms. Baeza for excessive use of unplanned absences. "Attendance Worksheet" 2, at Ex. C, ECF No. 19-4.; Ms. Baeza's Mot. 9, ECF No. 19.

3

## LEGAL STANDARD

The parties have filed cross-motions for summary judgment. Rule 56 of the Federal Rules of Civil Procedure mandates entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Oliver*, 276 F.3d at 744 (citing *Anderson*, 477 U.S. at 255). Once the moving party has shown "that there is an absence of evidence to support the non-moving party's case," *Celotex*, 477 U.S. at 325, the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *See Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

ANALYSIS

Ms. Baeza brings two[5] FMLA claims in this case. Pl.'s Original Pet. ("Compl.") ¶46(a)–(b), ECF No. 1-1. First, Verizon allegedly fired her without providing her the leave entitlement and benefits that the FMLA guarantees due to her health condition. *Id.* at ¶46(a)–(b). Ms. Baeza argues that she should be granted a summary judgment on this claim because Verizon *per se* violated the FMLA on several occasions. Ms. Baeza's Mot. 1, ECF No. 19. Second, she also claims that Verizon "discriminated or otherwise retaliated against [her] in violation of the FMLA" when it terminated her for exercising her rights under the FMLA, which she claims is proven as a matter of law. Compl. ¶46(c); *id.* at 2.

However, according to Verizon, it terminated Ms. Baeza for a legitimate, nonretaliatory reason, *i.e.*, unexcused absenteeism, unrelated to her FMLA leave. Verizon's Mot. 2, ECF No. 18. There is no evidence that this reason was a pretext for an unlawful one, thus Verizon argues it is entitled to summary judgment on Ms. Beaza's FMLA claims. *Id.* For the following reasons, the Court grants in part and denies in part both Verizon's and Ms. Baeza's Motions.

1. **A Genuine Issue of Material Fact Exists Regarding Whether Verizon Violated FMLA § 2615(a)(1).**

Under the FMLA, an employee is entitled to twelve weeks of unpaid leave during any twelve-month period if a serious health condition makes the employee unable to perform their functions. 29 U.S.C. § 2612(a)(1)(D).

> FMLA leave may be taken intermittently or on a reduced leave schedule under certain circumstances. Intermittent leave is FMLA leave taken in separate blocks of time due to a single qualifying

---

5 Ms. Baeza alleges three causes of action under the FMLA in her Complaint, but the first and second are the same claim, as evidenced by her briefing only two claims in her Motion. *Compare* Compl. ¶46(a)–(b), ECF No. 1-1, *with* Ms. Baeza's Mot. 4, 13, ECF No. 19.

5

reason. A reduced leave schedule is a leave schedule that reduces an employee's usual number of working hours per workweek, or hours per workday. A reduced leave schedule is a change in the employee's schedule for a period of time, normally from full-time to part-time.

"Intermittent Leave; Definition," 29 C.F.R. 825.202(a).

The FMLA prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of an employee's right to take FMLA leave. 29 U.S.C. § 2615(a)(1). In analyzing claims of FMLA interference, the Fifth Circuit employs a five-factor test. *See Lanier v Univ. of Tex. Sw. Med. Ctr.*, 527 Fed. Appx. 312, 316 (5th Cir. 2013). Under this test, Ms. Baeza must show that (1) she was eligible for FMLA protection; (2) Verizon is covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided proper notice of her intent to take FMLA leave; and, (5) Verizon denied her the benefits to which she was entitled under the FMLA. *See id.*

In addition to proving FMLA interference, Ms. Baeza then must show that she was prejudiced by Verizon's action. The Supreme Court has made clear that

> [t]o prevail under the cause of action set out in § 2617, an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost "by reason of the violation," § 2617(a)(1)(A)(i)(I) . . . The remedy is tailored to the harm suffered.

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).

Here, Verizon only contests that Ms. Baeza cannot establish the fifth element because she was not denied any FMLA benefits to which she was entitled, and that she was not prejudiced by any of Verizon's action. Verizon's Mot. 10, ECF No. 18. Ms. Baeza attempts to establish the fifth element in four ways, each addressed in turn.

### a. Limiting IFML to three days per month is not *per se* FMLA interference.

First, Ms. Baeza claims that Verizon limited her IFML to only three days per month for a total of only 36 days per year, which is "*per se* interference with . . . the FMLA." Ms. Baeza's Mot. 1, ECF No. 19. Verizon counters that it was Ms. Baeza's doctor's recommendation to limit her IFML to three days per month and that there is no legal or factual support for the proposition that this is a "*per se* violation of the FMLA." *See* Verizon's Resp. 9–11, ECF No. 20.

A sister court in this district recently held that summary judgment is proper for an employer where an employee received the FMLA leave she requested, based on the supporting medical documentation that the employee provided. *Trautman v. Time Warner Cable Texas, LLC*, No. A-16-CV-1049-LY, 2017 U.S. Dist. LEXIS 197765, at *20–21 (W.D. Tex. 2017), *subsequently aff'd sub nom. Trautman v. Time Warner Cable Texas, L.L.C.*, 756 F. App'x 421 (5th Cir. 2018); *see also, Arismendiz v. Univ. of Texas at El Paso*, 536 F. Supp. 2d 710, 716 (W.D. Tex. 2008). Here, Verizon granted Ms. Baeza the three days off per month that she requested when she submitted her supporting medical documentation. *See* "Certification of Health Care Provider for Employee's Serious Health Condition" 3, at Ex. E, ECF No. 19-6. Therefore, Verizon's limiting her IFML to three days per month cannot constitute *per se* interference with the FMLA and cannot support summary judgment in Ms. Baeza's favor on her claim of FMLA interference. The Court agrees with Verizon that it did not interfere as a matter of law with Ms. Baeza's FMLA rights on these grounds.

### b. Verizon can require that vacation run concurrent with FMLA leave.

Second, Ms. Baeza argues that Verizon interfered with her FMLA rights when it applied her last eight hours of vacation to her FMLA-protected absence on October 25, 2017,

rather than toward her allegedly pre-approved vacation on October 31, 2017, which rendered the latter an unapproved absence. Ms. Baeza's Mot. 10, ECF No. 19. However, Verizon counters that its policy permissibly required up to 60 hours of Ms. Baeza's vacation time to run concurrently with her IFML leave. Verizon's Resp. 11–12, ECF No. 20.

Federal regulations expressly allow employers to "substitute" paid leave for FMLA leave. 29 C.F.R. § 825.207(a). The term "substitute means that paid leave provided by the employer . . . will run concurrently with the unpaid FMLA leave." *Id.* Furthermore, the relevant statute expressly specifies that "paid vacation leave" is one type of leave that may be substituted for FMLA leave. 29 U.S.C. § 2612 (d)(2)(A). This is precisely what Verizon's policy provided, which cannot support summary judgment in Ms. Baeza's favor. *See id.*; *see Mahoney v. Ernst & Young LLP*, 487 F. Supp. 2d 780, 801 (S.D. Tex. 2006) (citing *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 (11th 2001) (explaining that Congress intended "that the FMLA . . . protect[ ] employers against employees tacking their FMLA entitlement on to any paid leave benefit offered by the employer.")).

Moreover, Ms. Baeza's assertion that her supervisor, Mr. Flores, misinformed her about the vacation policy and procedure for coding her absence is inapposite. Ms. Baeza's Mot. 8, ECF No. 19. Verizon's written policy is clear and unambiguous: one half of Ms. Baeza's vacation leave (up to 60 hours) must run concurrently with her IFML—not after having used it. "Managing Your Time Off Guidelines" 165, at Ex. C, ECF No. 18-1; Decker Decl. 138, at Ex. 3, ECF No. 18-1. And even if Mr. Flores had instructed her to code the October 25th absence as "unpaid FML" because she had "already used 50% of her vacation," which Mr. Flores denies, Ms. Baeza admits that it was her responsibility to track her available vacation and other leave time. Ms. Baeza Dep. 75:13-76:1, 112:19-20, at Ex. 2, ECF No. 18-1. She also admitted that

what occurred on October 25th and 31st was her mistake, saying expressly: "I should have verified information further than just going by [Mr. Flores's] word." *Id.* at 112:13–20. Indeed, as she recognizes, it is her responsibility to track her vacation and IFML time and, had she done so, she admits that she would not have taken a vacation day on Halloween 2017. *Id.* at 75:13–76:1, 112:16–20. As a matter of law, Verizon did not interfere with Ms. Baeza's FMLA rights by counting 60 hours of her vacation leave concurrent with her IFML.

### c. The November 1st to 7th unexcused absences create a genuine issue of material fact.

Third, Ms. Baeza claims that Verizon's denial of FMLA leave for her absences from November 1st through 7th constitutes interference because she was approved for IFML through July 25, 2018. Ms. Baeza's Mot. 8, 10, ECF No. 19. Each day, from November 1st to 7th, Ms. Baeza sent Mr. Flores notice that she would be out due to her FMLA-protected health condition. *Id.* at 10 (citing Ms. Baeza Dep., 139:12-140:25; 104:19-105:1, at Ex. 2, ECF No. 18-1). She was approved for three days of IFML per month through July 2018. *Id.* at 12; *supra* 2. The Court agrees with Ms. Baeza that a genuine issue of material fact exists regarding whether Verizon interfered with her rights on these dates.

Verizon first counters that this week of absences was for an unexcused reason not covered by the FMLA and that Ms. Baeza's doctor did not support her claim that she was absent due to her condition, or for any other medical reason. Verizon's Reply 3, ECF No. 25. However, Verizon admits, albeit when discussing her absence on December 5, 2017, that Ms. Baeza "merely" had to inform her supervisor when she was using the IFML and did not need to take any other specific actions or seek special permission to use her three days per month of IFML. *See* Verizon's Reply 2, ECF No. 25. Accepting Verizon's admission and viewing the facts in the light most favorable to Ms. Baeza, the Court accepts that Ms. Baeza informed her

9

supervisor each day of her absence due to her FMLA-covered condition and no further permission was required. See *Oliver*, 276 F.3d at 744 (citing *Anderson*, 477 U.S. at 255); Ms. Baeza Dep., 139:12-140:25; 104:19-105:1, at Ex. 2, ECF No. 18-1.

Despite Verizon's admitted policy and approval for IFML of three days per month, it denied Ms. Baeza's IFML on the first three days of November and required her to go back to her medical provider to seek approval for short-term disability or coverage under Verizon's Workplace Accommodation Policy ("WAP"). Verizon's Resp. 13–14, ECF No. 20. While it is undisputed that her doctor refused to fill out the paperwork to support her request for short term disability and WAP, there is a fact issue regarding whether she would have been approved for IFML had Verizon adhered to their admitted and "undisputed" practice of requiring her to "merely . . . inform her supervisor when she was using the intermittent leave." Verizon's Reply 2, ECF No. 25. Rather, Verizon required her to go back to her doctor and seek additional approval for a different type of leave, which a reasonable juror could see as FMLA interference. Verizon's Resp. 12–13, ECF No. 20.

Verizon next argues that Ms. Baeza was not prejudiced by any alleged violation because

> had [Ms. Baeza] applied the three IFML days to which she was entitled to her absences during the November 1-7 time frame, it would not have saved her from termination because (a) it would have left her with two additional full-day unexcused absences and (b) Plaintiff's October 31 absence alone triggered the review for, and was enough to warrant, termination.

Verizon's Resp. 3, ECF No. 20. However, all November absences, not only the latter two days mentioned above, are cited in Ms. Baeza's "Attendance Worksheet." Ex. 3 at 3–4, ECF No. 19-4. This "Attendance Worksheet" served as a basis for her termination when the recommendation was made on November 17, 2017. *Id.* at 2. Reasonable jurors may find that

10

Verizon violated the FMLA, and their own undisputed policy, in failing to grant her IFML on the first three days of November and that Ms. Baeza was prejudiced by these actions because these dates were cited as a basis for her termination. *See Oliver*, 276 F.3d at 744 (citing *Anderson*, 477 U.S. at 249–50). Therefore, Verizon is not entitled to summary judgment on this issue. *Id.*

### d. Ms. Baeza was not prejudiced by any alleged FMLA violation on December 5, 2017.

Fourth, Ms. Baeza argues that Verizon violated the FMLA when her supervisor denied her FMLA leave on December 5, 2017. Ms. Baeza's Mot. 9, ECF No. 19. However, even if Verizon violated the FMLA in allegedly denying her leave on this date, which Verizon does not admit, Ms. Baeza was not prejudiced because her termination was entirely based on prior absences—including the November absences. Verizon Resp. 3, ECF No. 20; "Attendance Worksheet" 2–5, ECF No. 19-4.

Ms. Baeza's "Attendance Worksheet," which contains the recommendation to terminate her employment, was prepared on November 17, 2017. "Attendance Worksheet" 2, at Ex. 3, ECF No. 19-4. It does not contain any entry regarding December 5, 2017. *See id.* at 2–6. Ms. Baeza does not present any other evidence that the December 5th unexcused absence prejudiced her. *See generally* Ms. Baeza's Mot., Ms. Baeza's Resp., Ms. Baeza's Reply, ECF Nos. 19, 21, 27. Thus, even if Ms. Baeza could prove that Verizon violated the FMLA in allegedly denying leave, she could not prove that she was prejudiced by this violation because no compensation or benefits could be lost after the decision to terminate her employment had been made based on previous absences. *See Ragsdale*, 535 U.S. at 89. Thus, Ms. Baeza is not entitled to summary judgment based on this claim because Verizon proves they did not interfere with her FMLA rights on this date as a matter of law.

## 2. No Genuine Issue of Material Fact Exists Regarding Whether Verizon Retaliated Against Ms. Baeza for Asserting Her Rights Under the FMLA.

The FMLA also makes it unlawful for an employer to discharge or in any other way discriminate against an individual for opposing the employer's unlawful FMLA practices. 29 U.S.C. § 2615(a)(2). Ms. Baeza first argues "that her termination by [ ] Verizon is illegitimate and itself constitutes direct evidence of unlawful discrimination and retaliation." Ms. Baeza's Mot. 17, ECF No. 19 (citing *Powers v. Woodlands Religious Cmty. Inc.*, 323 Fed. Appx. 300, 302 (5th Cir. 2009); *Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008); *Mauder v. Metro. Transit Auth. of Harris Cty.*, 446 F.3d 574, 583 (5th Cir. 2006)).

In *Powers*, the Fifth Circuit described the plaintiff's evidence of discrimination as circumstantial where she was authorized to take FMLA leave and was fired approximately one month after her return. *See* 323 Fed. Appx. at 302. Additionally, the plaintiff provided unrebutted evidence that her employer characterized her FMLA leave as part of "[employee's] absences," which formed the basis of her termination. *Id.*

Like the plaintiff in *Powers*, Ms. Baeza only has circumstantial evidence of FMLA discrimination because she was authorized to take FMLA leave and was fired within approximately one month of her return. *See* 323 Fed. Appx. at 302; "Attendance Worksheet" 2–5, ECF No. 19-4. Additionally, like the plaintiff in *Powers*, Ms. Baeza provided evidence that Verizon characterized her IFML for the first three days in November as part of the absences that formed the basis of her termination. *See* 323 Fed. Appx. at 302; *see* "Attendance Worksheet" 3, ECF No. 19-4. Therefore, Ms. Baeza does not have direct evidence of discrimination.

12

In absence of direct evidence of discriminatory intent, the Fifth Circuit applies the *McDonnell Douglas* framework to determine the reason for an employee's discharge. *Tatum v. S. Co. Servs.*, 930 F.3d 709, 713 (5th Cir. 2019). Under this framework, to establish a claim under § 2615(a)(2), an employee must first establish a *prima facie* case of retaliation by proving that (1) she is protected under the FMLA, (2) she suffered an adverse employment decision, and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA or (3b) the adverse decision was made because of her request for leave. *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998); *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013).

After an employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the termination. *Tatum*, 930 F.3d at 713; *accord Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). After the employer proffers its legitimate, nonretaliatory reason for its actions, the employee must then show by a preponderance of the evidence that the employer's stated reason was a pretext for discrimination. *See id.*

Regarding prong 3b, in the Fifth Circuit, "[t]he plaintiff does not have to show that the protected activity is the only cause of her termination. Instead, the plaintiff need only show that the protected activity and the adverse employment action are not completely unrelated." *Powers*, 323 Fed. Appx. at 302 (quoting *Mauder*, 446 F.3d at 583)(internal quotation marks and citations omitted). As discussed above, the protected activity—requesting three days of IFML in November 2017—was listed on her "Attendance Worksheet," which was used as a basis for her recommendation to terminate employment. "Attendance Worksheet" 3–4, at Ex. C, ECF No. 19-4. Thus, it cannot be said that they are completely unrelated. *See id.*

Assuming this 3b prong establishes a *prima facie* case of retaliation, the Court need not address the alternative prong 3a, and the burden then shifts to Verizon to articulate a legitimate, nonretaliatory reason for Ms. Baeza's termination. Verizon meets this burden by articulating that Ms. Baeza was fired for her October 31st absence, which was in excess of her excused absences and was, admittedly, not due to her FMLA-covered medical condition. *See* Verizon's Resp. 19, ECF No. 20.

After Verizon proffers its legitimate, nonretaliatory reason for its actions, Ms. Baeza must then show by a preponderance of the evidence that Verizon's stated reason was a pretext for discrimination. Ms. Baeza only cites the temporal proximity of the termination and the alleged FMLA violation as creating a genuine issue of material fact regarding pretext. Ms. Baeza's Mot. 17–18, ECF No. 19. However, temporal proximity alone is insufficient to establish pretext. *Roberts v. Lubrizol Corp.*, 582 Fed. Appx. 455, 461 (5th Cir. 2014). A genuine dispute of material fact does not exist regarding whether Verizon retaliated against Ms. Baeza, thus Verizon is entitled to summary judgment on this issue.

## CONCLUSION

A genuine issue of material fact exists regarding whether Verizon violated the FMLA when it denied Ms. Baeza IFML for the first three days of November and then referenced these unexcused absences as a basis for her termination. Thus, Ms. Baeza's FMLA interference claim—as it relates to the November 1–7, 2017, absences only—survives summary judgment. However, because Ms. Baeza's other claims of FMLA interference and her retaliation claim fail as a matter of law, Verizon is entitled to judgment as a matter of law on these issues.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Verizon Wireless Texas, LLC, d/b/a Verizon Wireless's "Motion for Summary Judgment" is **DENIED IN PART** as it pertains to Plaintiff Imelda Lucero Baeza's claim of interference with her rights under the Family and Medical Leave Act on November 1–7, 2017.

**IT IS FURTHER ORDERED** that Defendant Verizon Wireless Texas, LLC, d/b/a Verizon Wireless's "Motion for Summary Judgment" is **GRANTED IN PART** as it pertains to all other of Plaintiff Imelda Lucero Baeza's claims of interference and retaliation in violation of her rights under the Family and Medical Leave Act.

**IT IS FINALLY ORDERED** that Plaintiff Imelda Lucero Baeza's "Motion for Partial Summary Judgment and Memorandum in Support" is **GRANTED IN PART** as it pertains to her claim of interference with her rights under the Family and Medical Leave Act on November 1–7, 2017, but is **DENIED IN PART** as it pertains to all other claims.

SIGNED this 12th day of **March 2020**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE