IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IMELDA LUCERO BAEZA, <br> Plaintiff, | § § § | |
| v. | § § | EP-18-CV-301-DB |
| VERIZON WIRELESS TEXAS, LLC, <br> Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Verizon Wireless Texas, LLC's ("Verizon") Motion for Clarification ("Motion"), filed on March 1, 2021. ECF No. 35. Therein, Verizon requests that the Court clarify its Memorandum Opinion and Order ("Opinion"), ECF No. 28, on the Parties' cross-motions for summary judgment, ECF Nos. 18 and 19. Plaintiff Imelda Lucero Baeza ("Ms. Baeza") filed a Response reflecting opposition to the Motion on March 5, 2021. ECF No. 36. Verizon filed a Reply on March 12, 2021. ECF No. 37. After due consideration, the Court will grant in part and deny in part Verizon's Motion.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(a) ("Rule 60(a)") the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) may be used where "the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994)). "In such instances the judgment can be corrected to speak the truth." *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (quoting *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)).

A motion under Rule 60(a) may not be used to affect the substantial rights of the parties. *Britt v. Whitmire*, 956 F.2d 509, 515 (5th Cir. 1992). An amendment to a judgment affects the substantive rights of the parties if it expands the scope or modifies the content of the court's adjudication. *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011). An amendment to a summary judgment is "an action clearly affecting substantial rights of the parties," and is thus not within the scope of a motion under Rule 60(a). *See Britt*, 956 F.2d at 515.

## ANALYSIS

In its Motion, Verizon requests (1) "that the Court amend its Order to reflect that it did not grant [Ms. Baeza's] partial summary judgment" on her claim of interference with her rights under the Family and Medical Leave Act ("FMLA") and (2) that it "confirm[] that all issues with respect to [Ms. Baeza's] termination have been resolved." Mot. 5, 7, ECF No. 35. The Court will grant Verizon's first request and now clarifies that Ms. Baeza's Motion for Partial Summary Judgment, ECF No. 19, is denied in full. The Court will deny the second request, as it finds, without addressing the ultimate appropriateness of any particular damage claims asserted by Ms. Baeza, that the issues raised cannot be brought in a Motion for Clarification under Rule 60(a). Thus, the Court will grant in part and deny in part Verizon's Motion.

### 1. The Court Will Correct Its Opinion to Deny In Full Ms. Baeza's Motion for Partial Summary Judgment, ECF No. 19.

When read in its entirety, the Court's intention to deny Ms. Baeza's Motion for Partial Summary Judgment, ECF No. 19, in its entirety is apparent. However, the Court's Opinion contained statements which contradict that intention. Since those statements do not reflect the intention of the Court, they can and will be corrected under Rule 60(a).

### a. When the Opinion is read in its entirety, the court's intention to deny Ms. Baeza's Motion for Partial Summary Judgment, ECF No. 19, is apparent.

The Court denied Verizon's Motion for Summary Judgment, ECF No. 18, "as it pertains to Plaintiff Imelda Lucero Baeza's claim of interference with her rights under the [FMLA] on November 1–7, 2017" while granting it "as it pertains to all other of Plaintiff Imelda Lucero Baeza's claims of interference and retaliation in violation of her [FMLA] rights." Op. 15, ECF No. 28. Thus, Ms. Baeza's claim of interference with her rights under the FMLA from November 1 to November 7 is the only issue not definitively decided in favor of Verizon.

In the Opinion's introductory section, the Court states that Ms. Baeza's Motion for Partial Summary Judgment "shall be granted in part and denied in part." *Id.* at 1. In its concluding section, it states more specifically that Ms. Baeza's Motion for Partial Summary Judgment "is **GRANTED IN PART** as it pertains to her claim of interference with her rights under the [FMLA] on November 1–7, 2017." *Id.* at 15. Ms. Baeza argues that such words leave the meaning of the Order "clear and readily discernible by a reasonable reader of the Court's Order." Resp. 1, ECF No. 36.

Verizon, however, is correct that language used in the portion of the Opinion discussing the claim that the FMLA was violated between November 1 and November 7 manifests a clear intent "to deny summary judgment for both parties on this [interference] claim" Mot. 6, ECF No. 35. In the title of the section, the Court states "A Genuine Issue of Material Fact Exists Regarding Whether Verizon Violated FMLA § 2615(a)(1)." Op. 5, ECF No. 28. The Opinion goes on to state that "[t]he November 1st to 7th unexcused absences create a genuine issue of material fact" and that Verizon's actions were such that "a reasonable juror could see [them] as FMLA interference." *Id.* at 9, 10. Finally, at the start of the "Conclusion"

3

section of its Opinion, the Court reiterates that "a genuine issue of material fact exists whether Verizon violated the FMLA." *Id.* at 14.

Ms. Baeza does not address such statements in her response. *See* Resp., ECF No. 36. However, such statements make it apparent that the Court intended to reject both Parties' motions for summary judgment, ECF Nos. 18 and 19, on the issue. Nowhere does the Court state that Ms. Baeza has shown, with regard to any potential FMLA violations, "that there is no genuine dispute as to any material fact" such that she "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To the contrary, it stated several times that a "genuine issue of material fact exists." Op. 5, 10, 14, ECF No. 28. Thus, when read in its entirety, the Opinion makes it readily apparent that the Court did not intend to grant either Party's motion for summary judgment, ECF Nos. 18 and 19, as they related to the claim that the FMLA was violated between November 1 and November 7.

Ms. Baeza suggests in her Response that the Court made "undisputed factual findings" which support its purported partial grant of Ms. Baeza's Motion for Partial Summary Judgement. Resp. 3, ECF No. 36. The Court, however, has made no such "undisputed factual findings." Rather, it provided only a brief factual background for its legal conclusions. *See* Op. 2–3, ECF No. 18. The Parties' motions for summary judgment, ECF Nos. 18 and 19, required only that the Court determine whether any genuine disputes of material fact exist. *See* Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 322–23. The Court did that and no more. Op. 9–11, ECF No. 18.

### b. <u>The Court's order that Ms. Baeza's Motion for Summary Judgment, ECF No. 19, be granted in part was made in error and will be corrected.</u>

Because the Court did not find as a matter of law that Verizon interfered with Ms. Baeza's rights under the FMLA between November 1 and November 7, Ms. Baeza's Motion for

4

Partial Summary Judgment, ECF No. 19, should not have been granted in part. The order to do so was an error resulting from oversight, and thus the text of the order did not "speak the truth." *In re Transtexas Gas Corp.*, 303 F.3d at 581; *see also Harcon Barge*, 784 F.2d at 669. Accordingly, the Court will correct the error. *See* Fed. R. Civ. Proc. 60(a).

### 2. The Court Will Not Address Verizon's Request to Limit Ms. Baeza's Damages as the Request May Not Be Raised in a Rule 60(a) Motion for Clarification.

Verizon also makes an argument about the implications of the Court's holdings on the availability of damages, under the guise of seeking "confirmation" of the Court's intent to state in its Opinion that damages for back pay are unavailable. Mot. 7, ECF No. 35. The Court will construe Verizon's request as calling for use of the Court's authority under Rule 60(a). It must therefore determine whether Rule 60(a) provides it with the authority to grant Verizon's request.

#### a. The Court will construe the request for "confirmation" as a request that the Court use its authority under Rule 60(a).

Verizon asks the Court to "confirm[] that all issues with respect to [Ms. Baeza's] termination have been resolved." Mot. 7, ECF No. 35. The Motion does not clearly indicate a specific source of authority for the Court to provide such "confirmation." *See id.* at 6–8; *see also* Reply 6, ECF No. 37. The Court will construe the request for "confirmation" as a request under Rule 60(a) for two reasons. First, the citation to Rule 60(a) elsewhere in the Motion and the absence of any other citation of authority suggests to the Court that Verizon made no distinction between the authority it should rely on to resolve Verizon's first and second requests. Second, Verizon argues that the "confirmation" it seeks is akin to clarification and has no bearing on "the substance of its ruling." *See* Reply 6, ECF No. 37. Thus, the Court will now determine whether 60(a) provides it with the authority to grant Verizon's request. In doing so it

5

will determine whether the request would "affect the substantial rights of the parties." *Britt*, 956 F.2d at 515.

### b. Verizon's request to limit Ms. Baeza's damages may not be brought under Rule 60(a) as it would enlarge the scope of the Court's earlier judgment.

Verizon argues that "[b]ecause the Court . . . found that [Ms. Baeza's] termination was for a legitimate and nondiscriminatory reason as a matter of law, any alleged FMLA interference that occurred between November 1 and 7, 2017 cannot result in a back pay award." Mot. 7, ECF No. 35. Thus, it argues, Ms. Baeza can only be entitled to damages for "actual monetary losses" under 29 U.S.C. § 2617(a)(1)(A)(i)(II) of the FMLA, and thus requests that this Court state that damages for "back pay" under 29 U.S.C. § 2617(a)(1)(A)(i)(I) are, as a matter of law, unavailable to the Ms. Baeza.[1] *Id.* at 7–9.

In essence, Verizon argues that the Court's holding on Ms. Baeza's termination creates limitations on the damages potentially available to Ms. Baeza on her claim that Verizon violated the FMLA between November 1 and November 7.

The Court's holdings as to Ms. Baeza's claims of retaliation and interference with her rights are, however, limited to what was expressed in the Opinion, as clarified above. *See* Op. 5–14; *see also supra* at 2–5. The Court concluded, after applying the *McConnell–Douglass* framework to Ms. Baeza's retaliation claim, that Ms. Baeza could not show "by a preponderance of the evidence that Verizon's stated reason was a pretext for discrimination." Op. 14, ECF No. 18. At no time did the Court state, as Verizon does, that her termination "was for a legitimate and nondiscriminatory reason as a matter of law." *See id.* at 12–14; Mot. 7, ECF No. 35. The Court separately concluded, after applying a distinct set of precedents, that a reasonable jury

---

1 In its Motion, Verizon incorrectly cites the relevant sections of the FMLA. *See* Mot. 7–9, ECF No. 35. The Court will refer to the sections containing the statutory language quoted by Verizon. *See Id.*

6

could find that Verizon violated the FMLA and that Ms. Baeza suffered prejudice from that violation.  *See id.* at 10–11.

The Court does not agree with Verizon's argument that the Court's holdings "understandably could lead to some confusion," or with its suggestion that the Court has reached "inconsistent conclusions regarding the legitimacy of [Ms. Baeza's] termination." Reply 5, ECF No. 37.  The Court's holdings on the issues of are neither ambiguous nor contradictory. Thus, they do not create a situation in which the "the judgment can be corrected to speak the truth." *See Harcon Barge*, 784 F.2d at 669.

Further, the Court never intended to rule on or even address the availability of various types of damages for any violation of the FMLA, as the issue was not raised in either Party's Motions for Summary Judgment, ECF Nos. 18 and 19.  The Court will not now address issues that were not presented in those motions and, consequently, were not addressed in its Opinion. *Rivera*, 647 F. 3d at 199; *Britt*, 956 F.2d 509 at 515.  To do so would be to "expand the scope. . . of the court's adjudication" of the Parties' Motions for Summary Judgment, *Rivera*, 647 F. 3d at 199, thereby affecting the "substantial rights of the parties," *Britt*, 956 F.2d 509 at 515.  Thus, Verizon's request is not permitted under a Rule 60(a) Motion for Clarification. *Id.*

The Court makes no comment about the ultimate appropriateness of any particular damage claims asserted by Ms. Baeza.  The Court determines only that Defendant's attempt to limit Ms. Baeza's damages is not properly presented to this Court through Verizon's Motion. *See Britt*, 956 F.2d 509 at 515.

7

## CONCLUSION

Having considered Verizon's Motion, the Court will now amend its Opinion, ECF No. 28, so that Ms. Baeza's Motion for Partial Summary Judgment, ECF No. 19, will be denied in full. The Court declines Verizon's request to limit Ms. Baeza's damages.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Verizon Wireless Texas, LLC's "Opposed Motion for Clarification of the Court's March 12, 2020 Order" is **GRANTED IN PART**, insofar as it requests that the Court amend its Memorandum Opinion and Order, ECF No. 28, to deny in full Ms. Baeza's Motion for Partial Summary Judgment, ECF No. 19.

**IT IS FINALLY ORDERED** that Defendant Verizon Wireless Texas, LLC's "Opposed Motion for Clarification of the Court's March 12, 2020 Order" is **DENIED IN PART**, insofar as it requests that the Court limit Plaintiff Imelda Lucero Baeza's damages.

A **SUPPLEMENTAL ORDER** will be issued amending the Court's Memorandum Opinion and Order, ECF No. 28.

SIGNED this 29th day of **March 2021**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE