IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IMELDA LUCERO BAEZA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | EP-18-CV-301-DB |
| § | | |
| VERIZON WIRELESS TEXAS, LLC, § | | |
| d/b/a VERIZON WIRELESS § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Verizon Wireless Texas, LLC's ("Verizon") "Motion for Summary Judgment on Damages" ("Motion"), filed on April 22, 2021. ECF No. 40. Plaintiff Imelda Lucero Baeza ("Ms. Baeza") filed a Response, ECF No. 44, on April 25, 2021, and Defendant filed a Reply, ECF No. 45, on May 25, 2021. In its Motion, Verizon asks that the Court hold that Ms. Baeza is not entitled to "lost wages, salary, employment benefits, or other compensation incurred after her termination on December 7, 2017." Mot. 2, ECF No. 43. After due consideration, the Court will deny the Motion and hold that Ms. Baeza's potential damages are not limited to those accruing before her termination date. The Court also reiterates its earlier finding that Ms. Baeza could not adequately prove that her termination was retaliatory and thus cannot proceed to trial or seek damages based on such an argument.

### BACKGROUND

The facts underlying Ms. Baeza's suit were recited in detail in the Court's Memorandum Opinion and Order, issued on March 12, 2020. Mem. Op. 2–3, ECF No. 28. Thus only the facts directly relevant to the Motion now before the Court and a brief procedural background are provided here.

Ms. Baeza was an employee of Verizon until her termination on December 7,

2017. Mem. Op. 2–3, ECF No. 28. Verizon, on the recommendation of Ms. Baeza's healthcare provider, allowed Ms. Baeza three days per month of "intermittent FMLA leave." *Id.* at 2. Ms. Baeza also accumulated unapproved absences, including one on October 31. *Id.* at 3. Subsequently, Version denied Ms. Baeza's request that absences from November 1 to November 7 be excused as protected by the FMLA. Verizon recorded these absences as unexcused despite its policy of granting Ms. Baeza three days per month of FMLA leave. *Id.* On December 7, Ms. Baeza was terminated by Verizon. *Id.* In an "attendance worksheet" that provided the basis for Ms. Baeza's termination, Verizon stated that the termination was for "excessive use of unplanned absences" and included reference to those absences occurring between November 1 and November 7. *Id.* at 3 (citing "Attendance Worksheet" 2, at Ex. C, ECF No. 19-4), 10–11.

Ms. Baeza brought suit against her former employer, alleging that her employer had interfered with her rights under the FMLA and had retaliated against her for exercising her rights. Pl.'s Orig. Pet. 7–8, ECF No. 1-1. Both parties moved for Summary Judgment. ECF Nos. 18 & 19. Through a Memorandum Opinion and Order ("Memorandum Opinion"), ECF No. 28, issued on March 12, 2020 and amended by a second Order ("Amended Order"), ECF No. 40, issued on March 29, 2021, the Court granted in part Verizon's motion for summary judgment and denied in full Ms. Baeza's. Mem. Op., ECF No. 28; Am. Order, ECF No. 40.

The Court made two significant findings relevant to Verizon's Motion for Partial Summary Judgment. Mem. Op., ECF No. 28. First, the Court found that there was a genuine dispute of material fact about whether Ms. Baeza's former employer violated the FMLA when it denied her leave between November 1 and November 7, and that the mention of unexcused

2

absences on those days in her notice of termination created a genuine dispute of material fact about whether she was prejudiced by that denial. *Id.* at 5–11. Second, the Court found that Ms. Baeza could not show that her termination was retaliatory and thus in violation of the FMLA. *Id.* at 12–14. In short, it found that Ms. Baeza could not proceed with her claim of retaliatory termination but that she could proceed with an *interference* claim.

Verizon's Motion for Clarification contained a request that the Court resolve an issue relating to the implications of the Court's holding on Ms. Baeza's retaliation claim for the potential damages stemming from her interference claim. Mot. for Clarification, ECF No. 35. The Court denied that request, noting that the issue would affect the parties' rights and thus could not be addressed on a Motion for Clarification. Order 5–7, ECF No. 38. Verizon subsequently filed its Motion for Partial Summary Judgment, requesting once again that the Court determine the availability of damages for Ms. Baeza's claim that Verizon interfered with her FMLA-protected rights. Mot., ECF No. 43. In particular, Verizon asserts that because of the Court's holding that her termination was not retaliatory, Ms. Baeza "cannot recover any lost wages incurred after her termination." *Id.* at 8. The Court now addresses that assertion.

## LEGAL STANDARD

Verizon moves for partial summary judgment under Federal Rule of Civil Procedure 56 on what it asserts is a "pure legal issue." Def.'s Mot. for Leave 5, ECF No. 40; Fed. R. Civ. P. 56.

"[S]ummary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed R. Civ. P. 56, 2010 Adv. Comm. Note. A "partial summary judgment" is any such "disposition of less than the whole action." *Id.*

3

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When "a motion for summary judgment is merely the conduit to bring [a] legal question before the district court," then "the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir.1999).

## ANALYSIS

At this time the parties do not dispute any facts and do not offer up any new evidence. *See* Mot., ECF No. 43; Resp., ECF No. 44; Reply, ECF No. 45. Thus the only question is whether Verizon is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Bendixen*, 185 F.3d at 942. The Court determines that it is not so entitled.

The question before this Court is exactly whether post-termination damages are available to Ms. Baeza for her interference claim—the sole claim remaining after the Court's partial grant of Defendant's Motion for Summary Judgment. The FMLA provides that employers are liable for damages in the amount of

> (1) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or (2) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation. . . ."

29 U.S.C. § 2617(a)(1).

Verizon argues that because of the Court's ruling on Ms. Baeza's retaliatory termination claim, Ms. Baeza cannot show that she suffered any damages "by reason of" or "as a direct result" of any interference with her rights under the FMLA. Mot. 7–11, ECF No. 44.

4

Verizon's argument is based on its contention that "the Court has already concluded that Ms. Baeza's termination was not 'due to' her FMLA-covered medical condition and . . . was caused by excessive absences before the November 1–7 time frame." *Id.* at 8 (emphases removed).

Ms. Baeza, on the other hand, argues that the Court's ruling on her interference claim makes relevant certain case law dealing with so-called "mixed-motive cases," in which "an employment decision is based on a mixture of legitimate and illegitimate motives." Resp. 3, ECF No. 44 (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)). Ms. Baeza argues that the precedent set by those cases requires that Verizon must "meet its burden . . . to prove it would have terminated Plaintiff even without the impermissible motivating factor." *Id.* at 10.

The Court finds that both parties somewhat mis-represent the Court's holdings. The Court will therefore reiterate its original findings before turning to the relevant case law. Ultimately the Court concludes that it will not foreclose any type of damages that Ms. Baeza can prove are a result of a violation of her rights under the FMLA.

1. **A Genuine Issue of Material Facts Exists as Regards Ms. Baeza's Interference Claim But Not As Regards Her Retaliatory Termination Claim.**

Since both parties mis-state the relationship between the Court's findings, the Court re-states them here. It begins with Ms. Baeza's retaliatory termination claim, for which she must prove that her employer terminated her in retaliation for her exercise of her rights under the FMLA, and then turns to Ms. Baeza's interference claim, for which she must prove that her employer interfered with her rights under the FMLA and that such interference caused her prejudice.

The Court examined Ms. Baeza's retaliation claim according to the three-part

5

*McDonnell Douglas* framework, which prescribes three steps for determining whether a retaliation claim can proceed past the summary judgment stage. Mem. Op. 13–14, ECF No. 28. Ms. Baeza was able to make a prima facie case, as required by the first step in that framework. *Id.* at 13. The Court found that she was able to show "that the protected activity and the adverse employment action are not completely unrelated." *Id.* (citing *Powers,* 323 Fed. Appx. at 302). Verizon then articulated a "legitimate, nonretaliatory reason for Ms. Baeza's termination," as it was required to do in the second step. *Id.* at 14. Ms. Baeza could not make it through the third step, however, as she could not "show by a preponderance of the evidence that Verizon's stated reason was a pretext for discrimination." *Id.* Because Ms. Baeza could not prevail in the third step, the Court granted summary judgment for Verizon on Ms. Baeza's claim of retaliatory discrimination. *Id.*

The Court found that there was, however, a genuine dispute of material fact around whether Verizon had interfered with Ms. Baeza's rights under the FMLA by denying her three days of FMLA leave between November 1 and November 7. *Id.* at 5. The Court held that Verizon may have interfered with Ms. Baeza's rights between November 1 and November 7 by failing to excuse Ms. Baeza's absences during that period as FMLA-protected leave. It held also that such interference may have prejudiced Ms. Baeza because her absences during that period were cited as a basis for her termination on December 7. *Id.* at 9–11. The Court found only that a jury *could* find such interference, but since it did not conclude that, as a matter of law, Ms. Baeza's rights had been interfered with, it denied both Verizon's and Ms. Baeza's Motions for Summary Judgment as they related to Ms. Baeza's interference claim. Mem. Op., ECF No. 28; Am. Order, ECF No. 40.

6

Because Ms. Baeza could not—and cannot now—show that the termination was "retaliatory," she cannot seek damages for retaliatory termination. However, she can seek damages for her interference claim.

The Court next determines whether, as Verizon argues, those damages must be limited to those accruing before Ms. Baeza's termination date.

### 2. Verizon Is Not Entitled to Judgment as a Matter of Law on the Damages Available For Ms. Baeza's Interference Claim.

Since issuing its Opinion, neither Ms. Baeza nor Verizon has provided any evidence that would enable the Court to resolve any factual issues in the case. Verizon asserts that the question of available damages is a "pure legal issue" that can be decided with "well-settled law that is squarely on point." Mot. for Leave 4, ECF No. 40; Mot. 8, ECF No. 44. However, in examining Verizon's arguments and the relevant case law, the Court can identify no clear legal principle—aside from the principle that damages must be tied to the harm suffered—that would enable it to decide the issue before it. Instead it finds multiple courts dealing with highly particularized factual situations on a case-by-case basis. The Court thus finds that Verizon is not entitled to judgment as a matter of law, and it will leave the question of appropriate damages to be decided by a jury.

#### a. The FMLA requires proof of "actual" damages.

Ms. Baeza is not entitled to any damages unless she can prove that she was prejudiced by Verizon's interference with her rights under the FMLA. For any violation of the FMLA, "[t]he remedy is tailored to the harm suffered." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Thus, an employee seeking remedy for violations of FMLA rights

7

is required to prove prejudice. *Downey v. Strain*, 510 F.3d 534, 540 (5th Cir. 2007). The Court does not understand either party as disputing this basic notion.

The Court has previously stated that such prejudice may in fact be present with regard to Ms. Baeza's interference claim, as shown by the reference to Ms. Baeza's absences in her notice of termination. Mem. Op. 10–11, ECF No. 28. However, Verizon suggests that Ms. Baeza should be precluded from seeking certain types of damages; in other words, that such damages are unavailable to Ms. Baeza as a matter of *law*, even if she can show their availability as a matter of *fact*. *See* Mot. 6–9, ECF No. 43. The Court turns now to that contention.

### b. The cases cited by Verizon do not determine the outcome of Ms. Baeza's case.

Verizon argues that any damages for alleged interference with Ms. Baeza's FMLA-protected rights must be cut off at the date of termination. Mot. 6–9, ECF No. 43. It cites several cases for the general proposition that any liability for a violation of the FMLA occurring before a valid termination ends upon termination. *See id.* However, the decisions cited by Verizon are based on factual situations distinct from Ms. Baeza's. Thus they do not support the proposition that damages for interference with Ms. Baeza's FMLA-protected rights cannot include those damages accruing after her termination date, as they largely do not address a situation where the evidence in the case would allow a jury to conclude that the potentially violative behavior of the employer prejudiced the plaintiff by factoring into her termination.

At the root of Verizon's argument is an Indiana district court's reasoning in *Hite v. Biomet*:

> Common sense dictates that a valid discharge subsequent to a discriminatory act cuts off an employer's liability for backpay arising out of discriminatory conduct occurring prior to the

> discharge. This is logical because the valid termination of an employee severs the employment relationship and the joint obligations which compose such a relationship. In this way, the employer's liability is limited since the valid termination is, essentially, a superseding cause which relieves it from further liability for backpay awards.

53 F. Supp. 2d 1013, 1025–26 (N.D. Ind. 1999). *Hite*'s "common sense," however, does not compel any particular conclusion in Ms. Baeza's case. The plaintiff in *Hite* argued, like Ms. Baeza, that she was "entitled to damages for lost wages past the point of her termination if she [could] demonstrate that the retaliation proximately caused her termination." *Id.* at 1024; *see also* Resp. 7, ECF No. 44 (arguing that a plaintiff is entitlement to damage unless employer can show that "it would have taken the same action in the absence of the impermissible motivating factor"). A crucial difference between Ms. Baeza's case and *Hite* is evident in the court's comment that it had "concluded that plaintiff was validly terminated." *Hite*, 53 F. Supp. 2d at 1024. This Court, addressing Ms. Baeza's claim, has not concluded that "plaintiff was validly terminated." Instead it has merely stated that Ms. Baeza could not prove that her termination was retaliatory. Also unlike the Indiana district court, it has found that the documentation underlying Ms. Baeza's termination contains evidence that the violation of Ms. Baeza's FMLA rights, if proven, may have harmed her by factoring into her termination. Mem. Op. 10–11, ECF No. 28. Thus Ms. Baeza, unlike the plaintiff in *Hite*, may be able to show a relationship between her employer's interference violation and her termination that would make her "entitled to damages for lost wages past the point of her termination." *Hite*, 53 F. Supp. 2d at 1024.

In another case cited by Verizon in its Motion, a Pennsylvania district court found that "the end point for calculating liability for damages arrived when the employer lawfully dismissed the employee." Mot. 9, ECF No. 43, *Lapham v. Vanguard Cellular Sys., Inc.*, 102 F.

9

Supp. 2d 266, 270 (M.D. Pa. 2000). Again, factual differences between the cited case and Ms. Baeza's case prevent application of its holding. In *Lapham*, "[t]he Plaintiff concede[d] that she did not sustain any damages prior to her dismissal," and instead she "[a]ssert[ed] that Defendants' interference with her FMLA rights aggravated her medical condition, and thus prevented her from seeking other employment," and therefore sought "to recover wages from the date of her dismissal until she secured another position." *Lapham*, 102 F. Supp. 2d. at 267. Ms. Baeza has made no similar concession and asserts no analogous connection between the alleged FMLA violation and any health condition. Instead her claim rests on a connection between the alleged violation and evidence that would allow a jury to conclude that Verizon violated the FMLA and that such violation prejudiced Ms. Baeza by contributing to her termination. The Pennsylvania court's conclusion that post-termination damages were unavailable in the situation before it thus has little relevance to the question now before this Court.

The facts of another case cited by Verizon in its Response are more closely analogous to those in Ms. Baeza's case, but its reasoning runs somewhat counter to Verizon's. Reply 5, ECF No. 45, citing *Shaw v. Electrolux Home Products, Inc.*, CV 8:08-221-BHH, 2010 WL 11534340, at *2 (D.S.C. Mar. 11, 2010). The plaintiff, terminated like Ms. Baeza ostensibly for excessive absences, argued that "the absence for which he was terminated was a direct consequence" of the defendant's alleged FMLA violation. *Shaw*, 2010 WL 11534340, at *2. The defendant in the case argued in a motion in limine that any evidence of damages beyond the date of termination was irrelevant, while the plaintiff argued "that evidence of his termination and lost wages or

benefits accruing beyond [the date of termination] is absolutely relevant to damages arising from the alleged interference with FMLA rights." *Id.* The court stated that "the [plaintiff's] position is a reasonable one," but granted in part the defendant's motion in limine only because plaintiff's position was not "in . . . keeping with the actual and undisputed facts of the case." *Id.* The court, in light of the particular facts of the case, ultimately decided that evidence of lost wages up to a few weeks *after* the plaintiff's effective termination date could be relevant to the determination of damages for his interference claim. *Id.* Rather than being based on any clear legal principle, the court relied on "the actual and undisputed facts of the case," and it reached a conclusion different than the one for which Verizon argues.

A final case referred to by Verizon in its Reply also fails to sway the Court. Reply 4, ECF No. 45 (citing *Harbuck v. Briggs Equip.*, CIV A. H-05-0342, 2006 WL 2168096, at *7 (S.D. Tex. July 31, 2006)). The court in that case referred to "uncontroverted summary judgment evidence . . . that in spite of an alleged interference violation by [the employer], [p]laintiff sustained no loss of wages, salary, employment benefits, or other compensation to which he was entitled as a result of his and [his employer's] . . . [employment] relationship." *Harbuck*, 2006 WL 2168096, at *7. Because of such "uncontroverted evidence," the court concluded that "[a]s a matter of law Plaintiff has no cognizable claim for the recovery of damages or other relief under the FMLA[.]" There is no such uncontroverted evidence in Ms. Baeza's case, and thus this Court cannot reach any similar conclusion.

None of the decisions cited by Verizon are binding on this Court, and for the reasons just discussed they are also not fully persuasive. Additionally, the Court has identified

11

one case, not mentioned by either party, in which a district court, on facts very similar to those in this case, distinguished the case before it from *Hite*:

> [T]he employee in *Hite* asserted only a retaliation claim, namely, her discharge for failing to report to work or provide her employer with continuing medical certification after her protected leave expired. The *Hite* court concluded that this failure by the employee was a superseding and legitimate reason justifying her discharge and wiped out the claim for post-discharge lost wages and benefits. Here, [the plaintiff] has a separate claim from retaliation, arguing that [his employer] denied him substantive rights under the FMLA . . . in refusing him leave and that, but for the refusal, he would not have been discharged (even though the discharge was not illegally motivated, given the failure of his retaliation claim).

*Brunelle v. Cyro Indus.*, CIV. 01-292-P-H, 2003 WL 21032016, at *1 (D. Me. May 6, 2003) (citing *Hite*, 53 F.Supp.2d at 1016, 1025–26). After distinguishing the cases on the basis of the existence of an interference claim separate from the retaliation claim, the court held that "an employee is entitled to damages, such as lost wages and benefits, where the employee proves a 'causal relation between her FMLA leave and her dismissal.'" *Brunelle*, 2003 WL 21032016, at *1 (quoting *Smith v. Diffee Ford–Lincoln–Mercury, Inc.*, 298 F.3d 955, 61 (10th Cir.2002). Ms. Baeza too has an interference claim distinct from her retaliation claim, and similarly argues that "but for the refusal, [s]he would not have been discharged." *Id.* Consequently, she "is entitled to damages" if she "proves a causal relation between her FMLA leave and her dismissal." *Id.* (internal quotations omitted).

The *Brunelle* case, as an unreported decision from a distant district court, is not binding on this Court. But its reasoning and its procedural history—the court reached the quoted conclusion only after reconsidering its decision to follow *Hite* in cutting off available damages at the point of termination—support the Court's impression that the outcomes of these

cases relating to FMLA damages are highly fact-dependent and provide no clear principle that would enable this Court to conclude that Verizon is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### c. The Court will not address the "mixed-motive" cases cited by Ms. Baeza, as they do not address the issue raised by the Motion.

Ms. Baeza states inaccurately that "[t]he Court held there is a genuine issue of material fact on the issue of whether Employer Verizon violated the FMLA by interfering with Employee Baeza's FMLA rights by terminating Employee Baeza for her November 1–7 absences." *Id.* at 5. Ms. Baeza further argues, on the basis of that mis-characterization of the Court's holding, that "there remains a mixed motive case with a genuine issue of material fact that [Verizon's] articulated reason is pretext for [its] FMLA violations." Resp. 11, ECF No. 44.

In actuality, the Court has held that Verizon may have violated Ms. Baeza's rights under the FMLA by denying her leave, not that it violated her rights when it terminated her. Mem. Op. 9–14, ECF No. 28; *see also supra* 5–6. It also held that Verizon's reference to those absences, which were potentially protected by the FMLA, could constitute the prejudice required by the law. There is no remaining issue about whether Verizon's stated reasons for termination were "pretext," as the Court has already found that Ms. Baeza could not prove, under the *McDonnell Douglass* framework, that Verizon's stated reason for termination was pretextual. Mem. Op. 14, ECF No. 28; *see also supra* 5–6.

Ms. Baeza asserts that "[Verizon]'s alleged legitimate, nondiscriminatory reason for terminating [Ms. Baeza] does not limit [her] damages if [Verizon] would not have—even if [it] could have—terminated [Ms. Baeza] for [a] legitimate nondiscriminatory reason . . . ." Resp. 7, ECF No. 44 (citing *Jones v. Williams Sonoma, Inc.*, No. 3:03CV147-M-A, at *12 n.8

(N.D. Miss. Dec. 5, 2005)).  The Court agrees to some extent with Ms. Baeza's argument: If she is able to prove that Verizon did in fact violate the FMLA when it denied her leave in November, then she must prove that Verizon would not have terminated her, or would have terminated her at a later time, in order to receive any damages.  She is thus correct inasmuch as she recognizes that her eligibility for any damages, pre- or post-termination date, is ultimately a question of fact for a jury to determine.

### d. Ms. Baeza may attempt to prove her entitlement to any damages accruing before or after the date of her termination.

The Court finds, in short, that a jury is free to conclude that backpay is an appropriate remedy for any harm to Ms. Baeza that the jury finds was caused by her employer's interference with her rights under the FMLA, without regard to the date on which she was terminated.  The case law cited by Verizon in support of the contention that damages must be cut off at the date of termination does not persuade the Court that it should limit the ability of a jury to make such a finding.

## CONCLUSION

The Court is faced with a question about the damages available to Ms. Baeza for her interference claim.  The Court finds that the answer to the question is highly fact-dependent, and thus it cannot conclude that Verizon is entitled to judgment as a matter of law.  Therefore it will not disallow a jury from finding that post-termination damages are appropriate.

**IT IS HEREBY ORDERED** that Defendant Verizon Wireless's "Motion for Summary Judgment on Damages," ECF No. 40, is **DENIED**.

**SIGNED** this **8th** day of **October 2021**.

*[signature]*

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE